**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL L. BROWNING,<br>Petitioner,<br>vs.<br>RENEE BAKER, *et al.*,<br>Respondents. | 3:05-cv-0087-RCJ-WGC |

In this capital habeas corpus action, the respondents have filed an answer (ECF No. 122) to the fifth amended habeas petition (ECF No. 115) of the petitioner, Paul L. Browning. Browning has filed a reply (ECF No. 131). Respondents have filed a response to the reply (ECF No. 150).

On April 5, 2013, the court entered an order (ECF No. 162), denying a motion by Browning requesting oral argument.

In the April 5, 2013, order, the court also identified claims in the fifth amended habeas petition that Browning has not exhausted in state court, and the court ordered Browning to make an election to either file a notice of abandonment of the unexhausted claims, indicating that he elects to abandon the unexhausted claims and proceed with the litigation of his remaining exhausted claims, or, alternatively, file a motion for stay, requesting a stay of these proceedings to allow him to return to state court to exhaust the unexhausted claims. The court ordered that if Browning does not,

within the time allowed, file a notice of abandonment of all his unexhausted claims, or a motion for a stay to allow exhaustion of his unexhausted claims in state court, his entire fifth amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

On May 3, 2013, Browning filed a "Motion to Amend or Reconsider Order of April 5, 2013 (dkt. 162) Regarding Exhaustion of State Remedies" (ECF No. 163) (hereafter "motion for reconsideration"). On May 20, 2013, respondents filed an opposition to the motion for reconsideration (ECF No. 166). Browning filed a reply in support of the motion for reconsideration on May 28, 2013 (ECF No. 167). In view of the motion for reconsideration, the court suspended the deadline for Browning to make an election regarding his unexhausted claims. *See* Minute Order dated May 16, 2013 (ECF No. 165).

In Browning's motion for reconsideration, he first argues that, with respect to the claims found by the court to be unexhausted, there are no state remedies available to exhaust, because "[i]t is clear that Nevada law would not allow petitioner to return to state court to further exhaust any of these claims." Motion for Reconsideration (ECF No. 163), pp. 4-7, citing *Weaver v. Clark*, 2011 WL 6981193 (S.D.Cal. 2011); *Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011); *Custer v. Hill*, 378 F.3d 968 (9th Cir. 2004). Browning argues that, if he returns to state court to exhaust his unexhausted claims, those claims will be barred by the one-year statute of limitations codified at NRS 34.726(1), and other state procedural rules. *Id*. at 5-6. Browning argues: "Thus, any new state petition Mr. Browning might file would surely be dismissed by the Nevada courts as procedurally barred." *Id*. at 6. Therefore, Browning argues, this court should consider all his claims to be exhausted, but subject to the procedural default doctrine. *Id*. He continues: "[The court] should permit briefing, argument, and (where appropriate) evidence on whether those defaults can be overcome or excused – because the state rule violated was not clearly established and strictly and regularly applied; because the state rule involved is not an independent and adequate bar to federal relief; because there is cause for and prejudice from the default; or because imposing a procedural

bar would result in a miscarriage of justice because petitioner is actually innocent of this crime." *Id.* at 6-7.

Under Nevada state law, a petitioner facing a procedural bar to his habeas claims may overcome that bar by showing cause and prejudice with respect to the procedural bar, or by a showing of actual innocence or a fundamental miscarriage of justice. *See Wilson v. State*, 267 P.3d 58, 60-61 (Nev. 2011); *see also* NRS 34.726(1), NRS 34.810(3). Browning requests that this court should, after finding his claims exhausted and procedurally defaulted, permit briefing and argument regarding "whether those defaults can be overcome or excused ... because there is cause for and prejudice from the default ... or because imposing a procedural bar would result in a miscarriage of justice because petitioner is actually innocent of this crime." Motion for Reconsideration, pp. 6-7. However, if Browning has an argument that there is cause and prejudice for his procedural default, or an argument that imposing the procedural bar would result in a miscarriage of justice because he is actually innocent, it is not clear that he is without a remedy in state court.

Browning next argues that the court overlooked or misapprehended grounds for finding certain of his claims to be exhausted. Browning first focuses on his unexhausted claims that his trial counsel was ineffective for failing to conduct sufficient investigation of the knife (Claim 1, ¶¶ 5.12-5.12.4); that his trial counsel was ineffective for failing to conduct investigation concerning certain aspects of Browning's alleged connection to the crime scene (Claim 1, ¶¶ 5.14-5.14.5); that his trial counsel was ineffective for failing, before trial, to interview Mike Hines regarding the alleged sale of the stolen jewelry at a gold exchange (Claim 1, ¶¶ 5.16-5.16.4); and that his trial counsel was ineffective for failing to conduct a pretrial interview of Kathy Adkins, an identification specialist with the Las Vegas Metropolitan Police Department, and a witness for the prosecution at Browning's trial, and for failing to conduct pretrial investigation to discover the existence of a sketch of the Wolfes' motel room showing the location of each item recovered there (Claim 1, ¶¶ 5.17-5.18.3). *See* Motion for Reconsideration, pp. 7-8; Order entered April 5, 2013 (ECF No. 162), pp. 6-12. Browning refers to these as "subclaims," and argues that they are all exhausted as part of Browning's

overarching general claim that his trial counsel failed to do any meaningful pretrial investigation. Motion for Reconsideration, pp. 7-8. As for the specific failures of his counsel in investigating his case alleged in this case but not in state court, Browning asserts that "[a]ll these facts and deficiencies were apparent from the records submitted to the Nevada courts." *Id*. at 8. This court reads as separate claims, Browning's distinct allegations regarding his counsel's failure to investigate his case, and does not find those to have been exhausted in state court by Browning's argument there that his counsel was generally ineffective for failing to adequately investigate his case. Nor does this court find that Browning's claims were exhausted in state court because they "were apparent from the records submitted to the Nevada courts."

Next, Browning focuses on the following ruling in the April 5, 2013, order:

> In paragraphs 5.12 through 5.12.4 of Claim 1, Browning claims that his counsel was ineffective for failing to conduct pretrial investigation regarding the knife that allegedly was used by Browning to kill Hugo Elsen. Fifth Amended Petition for Writ of Habeas Corpus, pp. 16-18, ¶¶ 5.12-5.12.4. Respondents argue that this claim is unexhausted. *See* Answer, pp. 47-48. In response, Browning argues:
>
> > Respondent says this part of this claim has not been exhausted but it has. It is another consequence of the lack of investigation, and the same points were raised in the state postconviction briefs [Dkt. 59, Exh. 232 at 24, 33].
>
> Reply (ECF No. 131), p. 36, lines 19-22. However, Browning's citation to pages 24 and 33 of his opening brief before the Nevada Supreme Court is perplexing. Those pages are not in the part of the brief dealing with alleged ineffective assistance of counsel, but rather are in the part of the brief dealing with alleged prosecutorial misconduct. Moreover, there is no assertion on pages 24 and 33 of that brief that counsel was ineffective for failing to adequately investigate the knife; in fact, there is no mention whatsoever of the knife on those pages of the opening brief. *See* Appellant's Opening Brief, Respondents' Exhibit 232 (ECF No. 59-173, 59-174, 59-175), pp. 24, 33. The court finds that the claim that Browning's counsel failed to conduct sufficient investigation of the knife was not presented to the Nevada Supreme Court and is unexhausted. *See* Appellant's Opening Brief, Respondents' Exhibit 232 (ECF No. 59-173, 59-174, 59-175); Appellant's Reply Brief, Respondents' Exhibit 251 (ECF No. 59-180 and 59-181).

Order entered April 5, 2013, p. 9; *see* Motion for Reconsideration, pp. 8-9. Browning informs the court that his citation to pages 24 and 33 of the opening brief before the Nevada Supreme Court, to support his argument that he exhausted at least part of this claim, was incorrect; Browning states that the correct citation should have been to pages 47 and 48 of that brief. *See* Motion for

Reconsideration, pp. 8-9. Browning points out that at pages 47 and 48 of the brief before the Nevada Supreme Court he argued:

> Trial counsel was deficient for failingto interview Mr. and Mrs. Wolfe – two of the State's most critical witnesses.... Mrs. Wolf testified that Mr. Browning asked her to dispose of a knife, a hat, and the tags on the jewelry found in the Wolfe's hotel room. This uncorroborated testimony served to identify Mr. Browning as the man who robbed the jewelry store and who killed Mr. Elsen. As such, it was crucial for counsel to identify the weakness in the Wolfes' stories, and impugn their credibility.
>
> * * *
>
> ... Despite the insistence of his investigator and a cue from the Court, trial counsel failed to interview the Wolfes. As a result, their testimony remained practically unchallenged.

*Id*. at 8-9, quoting from Appellant's Opening Brief, Respondents' Exhibit 232, pp. 47-48 (ECF No. 59-174). The court recognizes -- and in fact ruled in the April 5, 2013, order -- that Browning has exhausted his claim that his trial counsel was ineffective for not sufficiently investigating Randall and Vanessa Wolfe. In the April 5, 2013, order, the court ruled as follows:

> Next, in paragraphs 5.9 through 5.9.7 of Claim 1, Browning claims that his counsel was ineffective for not sufficiently investigating Randall and Vanessa Wolfe, two witnesses for the prosecution. Fifth Amended Petition for Writ of Habeas Corpus, pp. 11-13, ¶¶ 5.9- 5.9.7. This claim has been exhausted in state court. *See* Appellant's Opening Brief, Respondents' Exhibit 232 (ECF No. 59-173, 59-174, 59-175), pp. 43, 47-48.

Order entered April 5, 2013, p. 8. There is overlap between the claim at paragraphs 5.9 through 5.9.7 of Browning's fifth amended petition and the claim at paragraphs 5.12 through 5.12.4 of that petition. Browning's claim in paragraphs 5.12 through 5.12.4, to the extent it asserts that his trial counsel was ineffective for not interviewing the Wolfes before trial in a manner that allegedly would have impeached testimony regarding the knife, is encompassed within the claim asserted by Browning at paragraphs 5.9 through 5.9.7, and is exhausted. While the court's ruling in the April 5, 2013, order, that the claim at 5.9 through 5.9.7 was exhausted, is seemingly sufficient to insure that Browning will have the opportunity to litigate this claim on its merits in this action, the court will grant Browning's motion for reconsideration in part, to make clear that the claim at

paragraphs 5.12 through 5.12.4 is not unexhausted to the extent that it is based on trial counsel's failure to interview the Wolfes before trial in a manner that allegedly would have impeached testimony regarding the knife.

Next, Browning focuses on the following ruling in the April 5, 2013, order:

> In paragraphs 5.44 through 5.44.2 of Claim 4, Browning claims that the prosecution introduced misleading and inaccurate testimony, and failed to disclose material information, regarding the description of the murderer received by Officer Branon when he arrived upon the scene. Fifth Amended Petition for Writ of Habeas Corpus, pp. 41-42, ¶¶ 5.44-5.44.2. Respondents argue that both the *Brady* and *Napue* claims based on these allegations are unexhausted. *See* Answer, p. 61. In his reply, though, Browning points out that, in his opening brief to the Nevada Supreme Court in his state-court habeas action, he did claim a *Brady* violation based on these allegations -- albeit in a footnote in the section of the brief dealing with alleged ineffective assistance of counsel. *See* Reply, pp. 20-81; *see also* Appellant's Reply Brief, Respondents' Exhibit 251 (ECF No. 59-180 and 59-181), p. 44 n.23. Browning's Brady claim based on these allegations is, therefore, exhausted. Browning did not, however, argue to the Nevada Supreme Court that there was a *Napue* violation based on these allegations; the fact that Browning used the words "prosecutorial misconduct" in footnote 23 of the brief, to describe the prosecution's handling of the description of the murder[er] received by Branon, did not fairly present to the Nevada Supreme [Court] a *Napue* claim based on these allegations. *See* Appellant's Opening Brief, Respondents' Exhibit 232 (ECF No. 59-173, 59-174, 59-175); Appellant's Reply Brief, Respondents' Exhibit 251 (ECF No. 59-180 and 59-181). The *Napue* claim based on these allegations is unexhausted.

Order entered April 5, 2013, pp. 14-15; *see* Motion for Reconsideration, pp. 9-10. With respect to his exhaustion of this claim (Claim 4, paragraphs 5.44 through 5.44.2), Browning points out that in his reply brief before the Nevada Supreme Court he argued as follows:

> Trial counsel also did not learn, and did not present evidence, that Mr. Elsen gave a description of his attacker as he was dying to Officer Branon and that it was Branon, a black man, who interpreted Mr. Elsen's description and used the term "jeri-curl" to describe the assailant's hairstyle ... The fact remains Officer Branon knew that Mr. Elsen described someone not matching the description of Browning, a misleading portrait of this evidence was painted by the prosecutor at trial, and the evidence of Mr. Elsen's description of the perpetrator was not presented at trial – either because trial counsel was ineffective or because the State withheld this evidence from the defense. In either event, the judgment of conviction must be reversed. *Brady*, 373 U.S. 83; *Kyles*, 514 U.S. 419; *Carriger*, 132 F.3d at 479-480; *Napue*, 360 U.S. 264.

Appellant's Reply Brief, Respondents' Exhibit 251 (ECF No. 59-180 and 59-181), pp. 8-9. This argument by Browning before the Nevada Supreme Court, was in Browning's reply brief, in a

section of that brief devoted to his claims of ineffective assistance of counsel. Despite the citation to *Napue*, this court finds that this was not a fair presentation of a *Napue* claim to the Nevada Supreme Court. Any other conclusion -- *i.e.* to conclude that the claim at Claim 4, paragraphs 5.44 through 5.44.2 of the fifth amended petition is exhausted as a result of this passage in the reply brief before the Nevada Supreme Court -- would be a fiction cutting against the policy of federal-state comity that underlies the exhaustion doctrine. The claim at Claim 4, paragraphs 5.44 through 5.44.2, is unexhausted.

Finally, in the motion for reconsideration, Browning focuses on the following rulings in the April 5, 2013 order:

> In paragraphs 5.46 through 5.49 of Claim 4, Browning claims that the prosecution committed *Brady* and *Napue* violations with regard to information concerning the credibility of Randall Wolfe. Fifth Amended Petition for Writ of Habeas Corpus, pp. 42-46, ¶¶ 5.46-5.49. Respondents do not raise an exhaustion issue with respect to this *Brady* claim; and, indeed, the *Brady* claim regarding Randall Wolfe's credibility is exhausted. *See* Appellant's Opening Brief, Respondents' Exhibit 232 (ECF No. 59-173, 59-174, 59-175), pp. 24-29. Respondents do argue that the *Napue* claim regarding Randall Wolfe's credibility is unexhausted. *See* Answer, p. 64. Browning concedes that he did not cite the *Napue* case itself in this context in his opening brief on the appeal in his state-court habeas action, but he claims that he exhausted the claim by citing *Giglio v. United States*, 405 U.S. 150 (1972), and by a cryptic claim, in a footnote, of deception of the jury. *See* Reply, p. 88. The court determines that the citation of *Giglio*, in the context of Browning's non-disclosure claim, and footnote 16, in the brief to the Nevada Supreme Court, did not fairly present to the court a claim of a *Napue* violation with regard to the credibility of Randall Wolfe. Browning also argues that this *Napue* claim was exhausted in a petition for extraordinary relief presented to the Nevada Supreme Court by Browning, acting *pro se*, in 2009. *See* Respondents' Exhibit 394 (ECF Nos. 119-8, 119-9), pp. 52-54. The court determines, however, that the assertion of this issue in Browning's petition for extraordinary relief, which was denied by the Nevada Supreme Court without any consideration of the merits of the petition, did not amount to exhaustion. *See Castille v. Peoples*, 489 U.S. 346, 349-52 (1989) (claim not exhausted if presented for first time in a procedural context in which its merits will not be considered absent extraordinary circumstances); *see also* Order Denying Petition, Respondents' Exhibit 396 (ECF No. 119-10) ("We have reviewed the documents submitted in this matter, and without deciding upon the merits of any claims, we decline to exercise original jurisdiction in this matter."). The *Napue* claim, that the prosecution introduced misleading and inaccurate testimony regarding the credibility of Randall Wolfe, is unexhausted.
>
> In paragraphs 5.50 through 5.51 of Claim 4, Browning claims, similarly, that the prosecution committed *Brady* and *Napue* violations with regard to information

> concerning the credibility of Vanessa Wolfe. Fifth Amended Petition for Writ of Habeas Corpus, pp. 46-47, ¶¶ 5.50-5.51. Respondents do not raise an exhaustion issue with respect to this *Brady* claim; indeed, the *Brady* claim regarding Vanessa Wolfe's credibility is exhausted. *See* Appellant's Opening Brief, Respondents' Exhibit 232 (ECF No. 59-173, 59-174, 59-175), p. 29 n.17. Respondents do argue that the *Napue* claim regarding Vanessa Wolfe's credibility is unexhausted. *See* Answer, p. 65. Here again, Browning concedes that he did not cite the *Napue* case itself in this context in his opening brief on the appeal in his state-court habeas action, but he claims that he exhausted the claim by citing *Giglio*. *See* Reply, pp. 91-92. The court determines that the citation of *Giglio*, in the context of Browning's non-disclosure claim, did not fairly present to the court a claim of a *Napue* violation with regard to the credibility of Vanessa Wolfe. Browning also argues that this *Napue* claim was exhausted by means of the petition for extraordinary relief he presented to the Nevada Supreme Court, *pro se*, in 2009. *See* Respondents' Exhibit 394 (ECF Nos. 119-8, 119-9), pp. 52-54. The court determines, however, that the assertion of this issue in Browning's petition for extraordinary relief, which was denied by the Nevada Supreme Court without any consideration of the merits of the petition, did not amount to exhaustion. *See Castille*, 489 U.S. at 349-52 (claim not exhausted if presented for first time in a procedural context in which its merits will not be considered absent extraordinary circumstances); *see also* Order Denying Petition, Respondents' Exhibit 396 (ECF No. 119-10) ("We have reviewed the documents submitted in this matter, and without deciding upon the merits of any claims, we decline to exercise original jurisdiction in this matter."). The *Napue* claim, that the prosecution introduced misleading and inaccurate testimony regarding the credibility of Vanessa Wolfe, is unexhausted.

Order entered April 5, 2013, pp. 15-17; *see* Motion for Reconsideration, pp. 9-10. Browning argues that his citation, in his briefing before the Nevada Supreme Court, to *Giglio*, was enough to allow a finding that he exhausted his *Napue* claims. Motion for Reconsideration, pp. 9-10. Browning quotes from the *Giglio* opinion, pointing out that, in that opinion, the Supreme Court cited the *Napue* opinion. *Id*. The court finds this argument to be without merit. *Giglio* claims and *Napue* claims are distinct claims, based upon different kinds of prosecutorial misconduct, and subject to different standards. The presentation, in state court, of a *Giglio* claim does not necessarily amount to fair presentation of a *Napue* claim as well. Browning's *Napue* claims in Claim 4, paragraphs 5.46 through 5.51, are unexhausted.

Therefore, the court will grant in part, and deny in part, Browning's motion for reconsideration. The motion will be granted to the extent that the court finds that the claim at Claim 1, paragraphs 5.12 through 5.12.4, is not unexhausted to the extent that it is based on trial counsel's failure to interview the Wolfes before trial in a manner that allegedly would have

impeached testimony regarding the knife. In all other respects, the motion for reconsideration will be denied.

On July 19, 2013, Browning filed a "Motion to Correct Citations to Docket Number 131 (Petitioner's Reply to Respondent's Answer)" (ECF No. 168) (hereafter "motion to correct"). On August 2, 2013, respondents filed a Notice of Nonopposition (ECF No. 170) regarding that motion. The motion to correct will be granted, and the corrections to the reply described in the motion to correct shall be allowed and considered made.

On July 19, 2013, Browning also filed a "Motion to Supplement Citations to Docket Number 131 (Petitioner's Reply to Respondent's Answer)" (ECF No. 169) (hereafter "motion to supplement"). On August 2, 2013, respondents filed a Notice of Nonopposition (ECF No. 171) regarding that motion. The motion to supplement will be granted, and the supplemental citations to be included in the reply as described in the motion shall be considered included in the reply.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Amend or Reconsider Order of April 5, 2013 (dkt. 162) Regarding Exhaustion of State Remedies (ECF No. 163) is **GRANTED IN PART AND DENIED IN PART**. That motion is granted to the extent that the court finds that the claim at Claim 1, paragraphs 5.12 through 5.12.4, is not unexhausted to the extent that it is based on trial counsel's failure to interview the Wolfes before trial in a manner that allegedly would have impeached testimony regarding the knife. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion to Correct Citations to Docket Number 131 (Petitioner's Reply to Respondent's Answer) (ECF No. 168) is **GRANTED**. The corrections to the reply described in that motion shall be allowed and considered made.

**IT IS FURTHER ORDERED** that petitioner's Motion to Supplement Citations to Docket Number 131 (Petitioner's Reply to Respondent's Answer) (ECF No. 169) is **GRANTED**. The supplemental citations to be included in the reply as described in that motion shall be considered included in the reply.

**IT IS FURTHER ORDERED** that petitioner shall have until and including

**October 11, 2013**, to file a notice of abandonment of all his unexhausted claims, or a motion for a stay to allow exhaustion of his unexhausted claims in state court, as described in more detail in the order entered April 5, 2013 (ECF No. 162).

**IT IS FURTHER ORDERED** that, if petitioner files a notice of abandonment of all his unexhausted claims, the case will remain under submission to the court with respect to the merits of petitioner's remaining exhausted claims.

**IT IS FURTHER ORDERED** that, if petitioner files a motion for a stay to allow exhaustion of his unexhausted claims in state court, respondents shall thereafter have 30 days to file a response to that motion, and petitioner shall thereafter have 20 days to file a reply.

**IT IS FURTHER ORDERED** that, if petitioner does not, within the time allowed, file a notice of abandonment of all his unexhausted claims, or a motion for a stay to allow exhaustion of his unexhausted claims in state court, Browning's entire fifth amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

Dated this 3rd day of September, 2013.

UNITED STATES DISTRICT JUDGE