UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAUL L. BROWNING, | ) | |
| Petitioner, | ) | 3:05-cv-0087-RCJ-WGC |
| vs. | ) | ORDER |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

Introduction

In this capital habeas corpus action, brought by Paul L. Browning, a Nevada prisoner sentenced to death, in an order entered on August 1, 2014 (ECF No. 177), the court denied Browning's habeas corpus petition. Judgment was entered the same day (ECF No. 178).

On August 29, 2014, Browning filed a "Motion to Reconsider/Amend the Order of August 1, 2014 [ECF NO. 177] or for Relief from the Judgment Entered that Date" (ECF No. 179) ("Motion for Reconsideration"). Respondents filed an opposition to the motion for reconsideration on September 25, 2014 (ECF No. 186). Browning filed a reply in support of the motion for reconsideration on October 6, 2014 (ECF No. 187).

Also on August 29, 2014, Browning filed an "Alternative Motion to Amend 5th Amended Petition and for Discovery Regarding the Constitutionality of Nevada's Death Penalty System" (ECF

No. 181) ("Motion to Amend"). Respondents filed an opposition to the motion to amend on September 25, 2014 (ECF No. 185). Browning filed a reply in support of the motion to amend on October 6, 2014 (ECF No. 188).

Then, on October 9, 2014, Browning filed a *pro se* "FRCP 60(b) Motion for Relief" (ECF No. 190) ("*Pro Se* Motion"). Respondents filed an opposition to the *pro se* motion on October 22, 2014 (ECF No. 191). Petitioner filed a *pro se* reply in support of his *pro se* motion on October 30, 2014 (ECF No. 192).

The court will deny the motion for reconsideration, the motion to amend, and the *pro se* motion.

The *Pro Se* Motion

As has been his practice throughout the litigation of this action, although he is represented by counsel, and despite the motion for reconsideration filed on his behalf by his counsel, Browning has filed, *pro se*, his own motion seeking relief from the judgment entered against him (ECF No. 190).

Browning has counsel. Under Local Rule 1A 10-6, "[a] party who has appeared by attorney cannot while so represented appear or act in the case." The court will deny Browning's *pro se* motion pursuant to Local Rule 1A 10-6.

Motion for Reconsideration

Browning's motion for reconsideration (ECF No. 177) is made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)). In *McDowell*, the court quoted Charles Alan Wright, *et al.*, Federal Practice and Procedure, as follows:

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based*. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*McDowell*, 197 F.3d at 1255 n.1 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)) (emphasis in original); *see also Ybarra v. McDaniel,* 656 F.3d 984, 998 (9th Cir.2011).

Similarly, Under Rule 60(b), relief from a final judgment or order may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief.

Fed.R.Civ.P. 60(b).

Browning asserts eight grounds for his motion for reconsideration.

(1)     Browning's *Pro Se* Submissions

Browning first asserts, in his motion for reconsideration, that the court erred in not considering claims proffered in *pro se* documents, but not included in the fifth amended petition that was before the court. Motion for Reconsideration (ECF No. 179), pp. 3-4.

Regarding the claims proffered by Browning *pro se*, the Court stated in the August 1, 2014, order:

> On October 15, 2013, the court received from Browning, acting *pro se*, a letter (ECF No. 174), and on January 23, 2014, Browning filed pro se motions (ECF Nos. 175, 176), asserting that his counsel, acting against his wishes, left some eighteen claims out of the fifth amended petition, and requesting that the court fashion a procedure for briefing and consideration of those additional claims. Under Local Rule 1A 10-6, "[a] party who has appeared by attorney cannot while so represented appear or act in the case." Moreover, the court finds no basis in Browning's pro se filings to question the performance of his counsel in not including

3

> those eighteen additional claims in the fifth amended petition. The court knows of no authority extending to a habeas petitioner the right to control the choice of claims to be asserted by counsel on his behalf. The court will deny Browning's pro se motions.

Order entered August 1, 2014 (ECF No. 177), p. 7 n.3.

Browning does not make any showing that the court's treatment of Browning's *pro se* motions was clearly erroneous, or a result of mistake or inadvertence, or that there is any other justification for relief under Federal Rule of Civil Procedure 59(e) or 60(b).

    (2)    <u>Browning's Objection to Treatment of Unexhausted Claims</u>

Browning next argues in his motion for reconsideration that the court erred in not ruling upon his objection regarding the court's treatment of his unexhausted claims. *See* Motion for Reconsideration, pp. 4-5; "Petitioner's Objection to Stay and Abeyance and Alternative Notice of Abandonment of Claims Deemed Unexhausted, Per Court Orders (Dkt. 162, 172), Reserving Objections" (ECF No. 173) (objecting to court's treatment of unexhausted claims); Order entered August 1, 2014, p. 7 ("The court notes Browning's objections, and accepts his abandonment of his unexhausted claims.").

In his reply in support of his motion for reconsideration, Browning states: "Respondent's agreement that 'Browning does not need any further ruling from the court to preserve his record' [Opposition to Motion for Reconsideration (ECF No. 186), p. 4, line 8] moots the procedural aspect of the Motion." Reply in Support of Motion for Reconsideration (ECF No. 187), p. 3. The court understands this to indicate that Browning abandons his argument that the court erroneously failed to rule on his objection to its treatment of his unexhausted claims.

Browning also requests a certificate of appealability in this part of his motion for reconsideration. In this regard, he argues:

> Alternatively, Petitioner asks that the Court expressly overrule his objections so Petitioner's futility argument can be reviewed on appeal, and that it issue a Certificate of Appealability regarding that ruling and those claims. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

Motion for Reconsideration, p. 5. Browning refers to the "futility argument" that he made in "Petitioner's Objection to Stay and Abeyance and Alternative Notice of Abandonment of Claims Deemed Unexhausted, Per Court Orders (Dkt. 162, 172), Reserving Objections" (ECF No. 173), at pages 2 to 4. *See* Motion for Reconsideration, p. 4. That argument was as follows:

> The Court has said that "it is not clear that [petitioner] is without a remedy in state court" because under Nevada state law a petitioner may, in limited circumstances, overcome a procedural bar to habeas claims." [Dkt. 172, pg. 3]. However, even if such state remedies theoretically exist, the documented history of extraordinarily and unjustifiably prolonged state proceedings in this case and other Nevada capital cases show them to be ineffective and any attempt to exhaust them futile, so a stay pending such proceedings would simply add to the already excessive delay in reviewing Petitioner's constitutional claims.
>
> Without any apparent justification, Mr. Browning's first state postconviction petition "lingered in the district court for nearly twelve years." *Browning v. State*, 91 P.3d 39, 44n.2 (2004). Because of this, this Court has previously ruled that the extraordinary lengthy delay in state proceedings in this case is an exceptional circumstance militating against federal abstention. [Dkt. 25, pg. 4]. These findings are consistent with *Phillips v. Vasquez*, 56 F.3d 1030, 1035 (9th Cir.1995), in which the Ninth Circuit Court of Appeals concluded that a delay of fifteen years in the state court proceeding was an extraordinary delay, thus rendering the state corrective processes "ineffective" within the meaning of 28 U.S.C. section 2254(b) so that exhaustion is not required.
>
> Moreover, seeking remedy in state court would be futile. Mr. Browning's diligence to raise additional claims to the Nevada Supreme Court to no avail is well documented. During his direct appeal, on December 25, 2002 (Dkt. 59, Exh. 237), Mr. Browning requested of the Nevada Supreme Court thirty (30) days to submit a supplement to the Appellant's Opening Brief because there existed "several substantive claims of error integral to a full and fair review have been omitted against my specific wishes and consent." [Dkt. 59, Exh. 237]. The Nevada Supreme Court denied the request without explanation. [Dkt. 59, Exh. 238]. On December 10, 2006, Mr. Browning sent a letter to Chief Justice Rose of the Nevada State Supreme Court requesting that misrepresentations in the state record and the potential conflict of interest of counsel be addressed as quickly as possible. [Dkt. 119-6, pg. 94-98]. Chief Justice Rose, who was leaving office the following week, forwarded the letter to his successor as well as the incoming Chief Justice. *Id*. pg. 93. The matter was never addressed.
>
> On October 13, 2009, Mr. Browning filed *pro se* an Extraordinary Relief Petition in the Nevada Supreme Court, which included claims since deemed unexhausted by this Court. [Footnote: Compare Court's April 5, 2013 Order (Dkt. 162), which found the certain issues unexhausted with the Extraordinary Relief Petition. Compare *e.g.*, Dkt. 162, Claim 5.46 - 5.49 with Dkt. 119, Exh. 394, Ground

> 7 (*Napue* claim regarding Randall Wolfe); Dkt. 162, Claim 5.50 - 5.51 with Dkt. 119, Exh. 394, Ground 7 (*Napue* claim regarding Vanessa Wolfe); Dkt. 162, Claim 5.52 - 5.55 with Dkt. 119, Exh. 394, Ground 5 (*Brady* and *Napue* claim regarding withholding of crime scene sketch); and Dkt. 162, Claim 8 with Dkt. 119, Exh. 394, Ground 1 (premeditation instruction).] Without explanation, the Nevada Supreme Court summarily denied this request too. [Dkt. 119, Exh. 396].
>
> In these and other efforts, Mr. Browning has done everything available to him to ask the Nevada courts to address these issues, to no avail. There is no reason to believe that another attempt will produce a different result; and experience shows that any such attempt would add years more of meaningless delay to the nearly three decades Petitioner has been attempting to have his claims fairly heard and ruled upon. *Cf. Custer v. Hill*, 378 F.3d 968, 974-75 (9th Cir. 2004) (describing *Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1997)) (attempt to file pro se in highest state court satisfies exhaustion requirement).
>
> For these reasons and those previously submitted, Petitioner respectfully maintains that there are no effective state remedies for him to exhaust, and he declines and objects to any stay of these proceedings pending additional futile efforts to present his claims to the Nevada courts yet again.

"Petitioner's Objection to Stay and Abeyance and Alternative Notice of Abandonment of Claims Deemed Unexhausted, Per Court Orders (Dkt. 162, 172), Reserving Objections" (ECF No. 173), pp. 2-4. The court finds that this argument does not meet the standard for issuance of a certificate of appealability. In this court's view, jurists of reason would not find debatable the court's rejection of this argument, and requirement that Browning either seek to exhaust or abandon his unexhausted claims.

        (3)    <u>The Bloody Shoe Prints</u>

The motion for reconsideration next takes issue with the court's ruling, at pages 10 to 17 of the August 1, 2014, order, regarding Browning's claims concerning the bloody shoe prints found at the scene of the murder. Motion for Reconsideration, pp. 6-8. Browning argues from several different angles that the court erred in its ruling on those claims. *Id*.

There is no showing by Browning that the court's order and judgment, in this regard, should be altered or amended because of clear error, mistake, inadvertence, newly discovered evidence, or any other ground for relief under Federal Rule of Civil Procedure 59(e) or 60(b).

The court has granted Browning a certificate of appealability with respect to these claims. *See* Order entered August 1, 2014, pp. 60-61.

  (4) <u>Deference to State Court Findings Drafted by a Party</u>

Browning argues next that, at pages 10 to 17 of the August 1, 2014, order, the court erroneously granted deference to state court findings that were drafted by a party rather than by the state court itself. *See* Motion for Reconsideration, pp. 8-10. In support of this argument, Browning cites *Jefferson v. Upton*, 560 U.S. 284 (2010), a case in which pre-AEDPA law was applied, and which is, therefore, plainly inapposite. *See id*. at 9-10; *see also Jefferson*, 560 U.S. at 289 ("This habeas application was filed prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 and is therefore governed by federal habeas law as it existed prior to that point.").

Browning did not make this argument in his briefing of the claims in the fifth amended petition, and it is not based on any intervening legal precedent. Moreover, the court finds Browning's argument here to be wholly without merit. Browning does not show that factual findings must be drafted by the court in order to receive the deference mandated by the AEDPA. The court's ruling was not a result of clear error, mistake, or inadvertence, and there is no showing of any ground for relief under Federal Rule of Civil Procedure 59(e) or 60(b).

  (5) <u>The Blood on the Jacket</u>

Next, Browning argues that the court erred, at pages 17 to 19 of its August 1, 2014, order, in denying his claims regarding blood found on a jacket. *See* Motion for Reconsideration, pp. 10-11. Here again, Browning does not show that the court's order and judgment should be altered or amended because of mistake, inadvertence, newly discovered evidence, clear error, or any other ground for relief under Federal Rule of Civil Procedure 59(e) or 60(b).

  (6) <u>Claim 2</u>

Browning next argues that the court "misconceived" Nevada law in ruling on Claim 2. *See* Motion for Reconsideration, pp. 11-15.

The Court's ruling on Claim 2 was as follows:

7

1    In Claim 2, Browning makes the following claim:

> The prosecution improperly sought, and the trial court improperly granted, a continuance which caused the loss of Mr. Browning's primary defense witness, Ms. Marsha Gaylord. The continuance was granted in violation of the procedures and intended protections dictated by the holdings in *Hill v. Sheriff*, 85 Nev. 234, 452 P.2d 918 (Nev. 1969), *Bustos v. Sheriff*, 87 Nev. 622, 491 P.2d 1279 (Nev. 1971), and the Eighth Judicial District Court Rule 14 (E.D.C.R. 14). This violation of Mr. Browning's state guaranteed rights denied him due process and equal protection in violation of his rights under the Sixth and Fourteenth Amendment.

Fifth Amended Petition, p. 24. Browning claims that the prosecution requested and received a continuance of the trial date, on grounds that they had made a calendaring error and that two witnesses, Randall and Vanessa Wolfe, might be unavailable on the trial date as set, but did not provide an affidavit, or sworn testimony, regarding the need for the continuance, as was allegedly required under *Hill v. Sheriff*, 85 Nev. 234, 452 P.2d 918 (1969); *Bustos v. Sheriff*, 87 Nev. 622, 491 P.2d 1279 (1971); and Eighth Judicial District Court Rule 14. *Id*. at 24-31. Browning claims that the failure of the trial court to enforce the requirement of *Hill*, *Bustos*, and Eighth Judicial District Court Rule 14, violated his federal constitutional rights to due process of law and equal protection of the laws. *Id*. Browning raised this claim -- albiet obliquely -- in the Nevada Supreme Court on the appeal in his state habeas action. *See* Appellant's Opening Brief, Exhibit 232, pp. 70-78 (ECF No. 59-175, pp. 23-31). The Nevada Supreme Court denied the claim without any discussion. *See Browning,* 120 Nev. at 371-72, 91 P.3d at 56. This court finds the claim to be meritless. Browning cites no authority finding a liberty interest, giving rise to a federal constitutional due process or equal protection right, arising from any procedural rules like the alleged requirement of *Hill*, *Bustos*, and Eighth Judicial District Court Rule 14. Furthermore, a reading of *Hill* and *Bustos*, and the other Nevada cases cited by Browning in support of the state-law requirement on which his claim is grounded, reveals that none of those cases involve the continuance of the felony trial of an adult. *Hill*, *Bustos*, *Clark v. Sheriff*, 94 Nev. 364, 580 P.2d 472 (1978), *Reason v. Sheriff*, 94 Nev. 300, 579 P.2d 781 (1978), *Streitenberger v. Sheriff*, 93 Nev. 689, 572 P.2d 931 (1977), *Salas v. Sheriff*, 91 Nev. 802, 543 P.2d 1343 (1975), *McNair v. Sheriff*, 89 Nev. 434, 514 P.2d 1175 (1973), *Broadhead v. Sheriff*, 87 Nev. 219, 484 P.2d 1092 (1971), and *Maes v. Sheriff*, 86 Nev. 317, 468 P.2d 332 (1970), involved continuances of preliminary hearings; *Scott E. v. State*, 113 Nev. 234, 931 P.2d 1370 (1997), involved the continuance of a juvenile proceeding. As for Eighth Judicial District Court Rule 14, Browning has not provided the text of any such Eighth Judicial District Court Rule as it appeared in 1986, and this court has been unable to determine that any such rule existed. Moreover, five days after the continuance was granted, and well before the new trial date, with their response to Browning's motion to dismiss on the ground of the alleged improper continuance, the prosecution did submit affidavits explaining the need for the continuance, including information regarding the question of the availability of the Wolfes on the vacated trial date. *See* Affidavits of Bill A. Berrett, Dan M. Seaton, and Bob Leonard, Exhibit 15 (ECF No. 59-13, pp. 7-12). Therefore, in this court's view, Browning has not established that he had a liberty interest, giving rise to federal constitutional rights, with respect to the procedure for the continuance of his trial, and, even if he could establish the existence such a liberty interest, Browning has not shown that it was violated.

Order entered August 1, 2014, pp. 32-34. Browning does not show this ruling to be clearly erroneous, or that the court's order and judgment should be altered or amended because of mistake, inadvertence, newly discovered evidence, or any other ground for relief under Federal Rule of Civil Procedure 59(e) or 60(b).

(7) Claim 3

Next, Browning argues that the court "misapplies the law and facts in denying Claim Three." Motion for Reconsideration, p. 16.

The Court's ruling on Claim 3 was as follows:

> In Claim 3, Browning claims a violation of his rights under the Sixth Amendment, as follows:
>
>> The prosecution, in bad faith, improperly sought a continuance of Mr. Browning's trial by a ruse. The trial court improperly granted the prosecution's request, over defense objection. A key defense witness was available and willing to testify at the trial; however, because of the improper continuance the witness became unavailable, denying Mr. Browning his right to compel witnesses and present evidence at trial, guaranteed by the Sixth and Fourteenth Amendments.
>
> Fifth Amended Petition, p. 32. The court construes this as a claim of violation of Browning's Sixth Amendment right to a speedy trial. *See* Order entered April 5, 2013 (ECF No. 162), p. 13; *see also* Reply, p. 65. Browning raised this claim on his direct appeal. *See* Appellant's Opening Brief, Exhibit 84, pp. 8-14 (ECF No. 59-59, p. 15 - ECF No. 59-60, p. 2); Appellant's Supplemental Opening Brief, Exhibit 87, pp. 1-10 (ECF No. 59-61, pp. 10-20). The Nevada Supreme Court ruled as follows:
>
>> On appeal, Browning contends that by delaying his trial twenty-eight days, the district court violated his constitutional right to a speedy trial. We disagree.
>>
>> Although Browning promptly invoked his right to a speedy trial, under the circumstances of this case, the mere twenty-eight day delay is insufficient to justify dismissal of the charges against him. Due to the severity of the crimes charged, we will tolerate a longer delay than we might for a crime of less egregious proportions. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In addition, the reasons underlying the delay do not justify Browning's release; namely, the deputy district attorney's honest, but negligent, mistake in transcribing the appropriate trial date and the professed inability to locate key prosecution witnesses prior to trial do not reveal an improper motive by the state in requesting the delay. Thus, this is not a case involving a deliberate attempt to delay trial in order to hamper the defense, and therefore we need not be so concerned with policing the state's activity. *See Barker*, 407 U.S. at 531, 92 S.Ct. at

9

>    2192.  Moreover, Browning has not reasonably identified how the twenty-eight day delay has prejudiced his defense. In light of the overwhelming evidence of guilt presented against him at trial, it is clear that any alleged prejudice would not rise to the level justifying dismissal of the charged crimes.

*Browning,* 104 Nev. at 271, 757 P.2d at 352.  This court affords this ruling by the Nevada Supreme Court the deference mandated by 28 U.S.C. § 2254(d), and finds it to be reasonable. Browning concedes that the Nevada Supreme Court applied the correct United States Supreme Court precedent, *Barker v. Wingo,* 407 U.S. 514 (1972), but argues that the court unreasonably applied *Barker*. *See* Reply, pp. 65-68. In *Barker*, the Court explained that in addressing a claimed violation of the Sixth Amendment right to a speedy trial, courts are to apply a balancing test, and the Court identified four factors to be considered:  (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530.  The Barker Court explained further:

>    We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.

*Barker*, 407 U.S. at 533.

Asserting that "there is no 'severity of the crime' prong in the *Barker* test," Browning argues that the Nevada Supreme Court erroneously considered the severity of the crime in this case. *See* Reply, p. 66.  That argument is meritless.  While it is true that there is no separate "severity of the crime prong" in the *Barker* test, the Court in *Barker* made clear that the severity of the crime is to be taken into consideration with respect to the length of the delay. *See Barker*, 407 U.S. at 531 ("[B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.  To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."); *see also United States v. Tanh Huu Lam*, 251 F.3d 852, 856-57 (9th Cir.2001).  In this case, the delay -- 28 days -- was relatively short considering the severity of the crime -- capital first-degree murder.

Browning also takes issue with the Nevada Supreme Court's findings regarding the reason for the delay:

>    In addition, the reasons underlying the delay do not justify Browning's release; namely, the deputy district attorney's honest, but negligent, mistake in transcribing the appropriate trial date and the professed inability to locate key prosecution witnesses prior to trial do not reveal an improper motive by the state in requesting the delay. Thus, this is not a case involving a deliberate attempt to delay trial in order to hamper the defense, and therefore we need not be so concerned with policing the state's activity.

> *Browning,* 104 Nev. at 271, 757 P.2d at 352.  Browning has not, however, shown those findings to be unreasonable in light of the evidence.  *See*, *e.g.*, Affidavits of Bill A. Berrett, Dan M. Seaton, and Bob Leonard, Exhibit 15 (ECF No. 59-13, pp. 7-12).
>
> Finally, Browning argues that the Nevada Supreme Court, in ruling that "Browning has not reasonably identified how the twenty-eight day delay has prejudiced his defense," did not give adequate weight to the prejudice that he claims as a result of the delay.  Browning claims that he lost Marsha Gaylord as a witness as a result of the delay, and she would have provided exonerating testimony if she had been available.  *See* Reply, pp. 67-68.  However, while the claimed prejudice to the defense is a factor to be considered, it is not controlling.  *See Barker*, 407 U.S. at 533.  And, moreover, while Browning and his trial counsel have stated what they claim Gaylord's testimony would be, Gaylord did not, in any post-trial proceeding, testify, or otherwise provide any indication how she would testify.
>
> In sum, this Court finds that the Nevada Supreme Court's application of the *Barker* test, and its denial of the claim Browning asserts in Claim 3, was not objectively unreasonable.

Order entered August 1, 2014, pp. 34-36.

Browning makes no showing that this ruling was clearly erroneous, or that the court's order and judgment should be altered or amended because of mistake, inadvertence, newly discovered evidence, or any other ground for relief under Federal Rule of Civil Procedure 59(e) or 60(b).

  (8) <u>New Eighth Amendment Claim</u>

Next, Browning asserts that the court should alter or amend the judgment "to consider the broader holding of the recent decision in [*Jones v. Chappell*, ___ F.Supp.2d ___, 2014 WL 3567365 (C.D.Cal. July 16, 2014)], and vacate Petitioner's death sentence on the basis of the constitutional principles set forth and applied therein."  Motion for Reconsideration, p. 19.  It appears that Browning's argument is that Nevada's death penalty system violates the Eighth Amendment, under *Furman v. Georgia*, 408 U.S. 23 (1972).  *See* Motion for Reconsideration, pp. 19-25, *citing Jones v. Chappell*.  The court is unaware of Browning ever before making any such Eighth Amendment claim in this action; indeed, Browning appears to admit that he has not.  *See* Motion for Reconsideration, p. 25, lines 1-2.

Browning's request, that the court alter its August 1, 2014, order and judgment to consider whether Nevada's death penalty system in unconstitutional under the Eighth Amendment, as the

United States District Court for the Central District of California did with regard to California's death penalty system, is frivolous. There is no showing whether any such claim would be procedurally viable, taking into consideration, for example, the statute of limitations, the exhaustion requirement, or the procedural default doctrine. There is no showing by Browning that the court's failure to rule on such a claim was because of mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). There is no showing by Browning that this new claim is based on newly discovered or previously unavailable evidence. *See* Fed. R. Civ. P. 60(b)(2); *McDowell*, 197 F.3d at 1255 n.1. And, the ruling of a federal district court in California (sixteen days before the entry of judgment in this case) regarding California's death penalty system, is not "an intervening change in the controlling law." *See McDowell*, 197 F.3d at 1255 n.1.

Motion to Amend

Browning also filed a motion to amend, in the alternative to his motion for reconsideration, requesting leave of court, under Federal Rule of Civil Procedure 15, to amend his habeas petition to include his new claim that Nevada's death penalty system violates the Eighth Amendment under *Furman*. *See* Motion to Amend, pp. 3-4. In the motion to amend, Browning also requests leave of court to conduct discovery regarding his new claim. *Id*.

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings "before trial;" Federal Rule of Civil Procedure 15(b) governs amendment of pleadings "during and after trial," but concerns only amendments where objections were made at trial to the effect that evidence was not within issues raised in the pleadings, and amendments where issues not raised in the pleadings are tried upon the parties' express or implied consent. *See* Fed. R. Civ. P. 15. None of these situations apply here.

Furthermore, as is discussed above, with respect to Browning's motion for reconsideration, Browning's attempt to assert his new claim at this point is without merit. There is no showing that any such claim would be procedurally viable; there is no showing of mistake, inadvertence, surprise, or excusable neglect; there is no showing that this new claim is based on newly discovered or

previously unavailable evidence; and there is no showing that the claim is based on an intervening change in controlling law. The motion to amend will be denied. And, as the court finds the assertion of the new claim at this time to be wholly unjustified, discovery with respect to such claim, under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, is plainly unwarranted.

**IT IS THEREFORE ORDERED** that petitioner's "Motion to Reconsider/Amend the Order of August 1, 2014 [ECF No. 177] or for Relief from the Judgment Entered That Date [ECF No. 178]" (ECF No. 179), is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's "Alternative Motion to Amend 5th Amended Petition and for Discovery Regarding the Constitutionality of Nevada's Death Penalty System" (ECF No. 181) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's *pro se* "FRCP 60(b) Motion for Relief" (ECF No. 190) is **DENIED**.

Dated this 13th day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE